UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| KIM MOSS, # 178549, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:16-cv-870 |
| | ) |
| v. | )   Honorable Robert J. Jonker |
| | ) |
| JEFFREY BOMBER, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### REPORT AND RECOMMENDATION

This is a civil action brought *pro se* by a state prisoner. Plaintiff filed this lawsuit in Ingham County Circuit Court. His complaint is labeled as a "MOTION FOR DECLARATORY JUDGMENT." (ECF No. 1-2 at PageID.10). Plaintiff named Jeffrey Bomber, M.D., and Corizon Health, Inc., as defendants. Defendants removed the case to this Court.

Plaintiff alleges that Corizon Health, Inc., violated his Eighth Amendment rights by not following the recommendations made by ear, nose and throat specialists. Plaintiff is not seeking damages. (*Id*. at PageID.14-15). Rather, he is seeking an injunction compelling defendants to provide him with specific medical tests and treatment. (*Id*.).

The matter is before the Court on plaintiff's "Motion for Clarification of Re-Characterization" (ECF No. 35) and cross-motions for judgment on the pleadings. (ECF No. 30, 34). For the reasons set forth herein, I recommend that plaintiff's

motion for clarification be granted in part and denied in part. I recommend that the motion be granted only to the extent that any claim that plaintiff may have been attempting to assert under 42 U.S.C. § 1983 be deemed abandoned. I recommend that the motion be denied in all other respects. I recommend that plaintiff's motion for a judgment on the pleadings be denied, that defendants' motion for a judgment on the pleadings be granted, and that judgment be entered dismissing all plaintiff's claims against defendants with prejudice.

## Applicable Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) requires application of the same standard that governs motions to dismiss under Rule 12(b)(6). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given pro se pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991).  "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678).  "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## Factual Allegations

Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC). (Complaint at 1, ECF No. 1-2, PageID.11).  He is not a doctor. (*Id.* at 2-3, PageID.12-13).  Corizon Health, Inc., is a private corporation providing medical care services to Michigan prisoners pursuant to a contract with the State of Michigan. (*Id.* at 1, PageID.11).

Plaintiff attached voluminous records to his pleading related to the medical care that he received during the period from January 7, 2013, through March 17, 2016.  (ECF No. 1-2, PageID.17-83).  He places particular emphasis on records dated November 8, 2013, and November 13, 2015, respectively.  (Complaint at 2-3, PageID.12-13).  On November 8, 2013, plaintiff was examined by an ear, nose, and throat (ENT) specialist, who recommended further evaluation by a University of Michigan Oral pathologist.  Corizon's reviewing physician, Keith Papendick, M.D.,

rejected the recommendation.[1] (*Id.* at 1-2, PageID.11-12).

On November 13, 2015, plaintiff was examined by another ENT specialist and he recommended a CT scan of plaintiff's throat. Dr. Papendick rejected this recommendation.. (*Id.* at 3, PageID.13).

Plaintiff asserts that the denial of the above-referenced recommendations has allowed "an infection and/or disease" to "spread throughout his body[.]" (*Id.* at 4, PageID.14).

## Discussion

### I.   Motion for Clarification

On April 19, 2017, plaintiff filed a "Motion for Clarification of Re-Characterization." (ECF No. 35). Plaintiff emphasizes that "he did not give consent to have his pleading re-characterized by the [C]ourt." (*Id.* at PageID.344). He asks that the Court not re-characterize his declaratory judgment motion as an action brought pursuant to 42 U.S.C. § 1983.[2] (*Id.* at 344, 346; ECF No. 41 at PageID.370).

I recommend that plaintiff's motion be granted only to the extent that any claim that plaintiff may have been attempting to assert under 42 U.S.C. § 1983 be

---

[1] The underlying documents attached to plaintiff's pleading indicate that the recommendation made on November 8, 2013, was conditional, and there was "[n]o pathologist denial in [the] medical record." (ECF No. 1-2, PageID.17-18). The allegations appearing in the body of plaintiff's complaint are taken as true for present purposes, however.

[2] Plaintiff "is not asking the Court to decide whether [] Eighth Amendment [] deliberate indifference occurred." (ECF No. 42 at PageID.376). He is asking the Court to resolve a disagreement "between medical professionals as to the course of testing that plaintiff should receive[.]" (*Id.* at PageID.377).

deemed abandoned. I recommend that the motion be denied in all other respects for the reasons stated in Section II.

## II. Declaratory Judgment

Plaintiff's attempt to characterize his lawsuit against defendants as a "motion" is ineffectual. There "is one form of action – the civil action." FED. R. CIV. P. 2. Federal Rule of Civil Procedure 3 specifies that a civil action "is commenced by filing a complaint with the court."[3] FED. R. CIV. P. 3; *see Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998) ("An individual commences a civil action by filing a complaint with the clerk of the court."); *see also Clark v. Commissioner*, No. 1:11-cv-1255, 2012 WL 1830218, at *3 (W.D. Mich. May 18, 2012) ("The commencement construct created by the Civil Rules is complete and self-contained, and leaves no room for improvisation.") (quoting *McIntosh v. Antonio*, 71 F.3d 29, 36-37 (1st Cir. 1995)).

A complaint is a pleading and a motion is not. *See* FED. R. CIV. P. 7(a), (b)(1). Absent a complaint, the Court cannot entertain the plaintiff's requests for relief. *See, e.g., Williams v. Michigan Dep't of Corr.*, No. 2:16-cv-14280, 2017 WL 345683, at *1 (E.D. Mich. Jan. 24, 2017); *Gardner v. McQueen*, No. 2:16-cv-13790, 2017 WL 131553, at *2 (E.D. Mich. Jan. 13, 2017).

---

[3]Michigan's court rules are to the same effect. *See* MICH. CT. R. 2.101(A), (B), 2.110(A).

A claim for a declaratory judgment is not an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). It is well established that the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-74 (1950); *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983). "The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). "[B]efore invoking the Act, the court must have jurisdiction already." *Id.* Thus, a plaintiff cannot obtain declaratory relief unless this Court has jurisdiction on some other basis.

Plaintiff's reliance on Federal Rule of Civil Procedure 57 (ECF No. 34 at PageID.341; ECF No. 35 at PageID.344-46) is misplaced. It is a rule of civil procedure. *See* FED. R. CIV. P. 57. It does not create a cause of action.

Defendants are entitled to judgment on the pleadings. Plaintiff abandoned his only potentially viable claims under 42 U.S.C. § 1983.[4]

---

[4] Having determined that plaintiff's complaint fails to state a claim upon which relief can be granted, it is not necessary to reach the issue of whether plaintiff's claims should be dismissed on an alternative basis for failure to exhaust his available administrative remedies. It will simply be noted that plaintiff's argument that the exhaustion requirement of 42 U.S.C. § 1997e(a) does not apply because defendants removed a lawsuit from state court (ECF No. 42 at PageID.373) has been rejected. *See e.g.*, *Hodge v. Louisville/Jefferson Cty. Metro Jail*, No. 3:05-cv-P831S, 2006 WL 1984723, at *4 (W.D. Ky. July 12, 2006). Further, his argument that the Prison Litigation Reform Act's (PLRA) exhaustion requirement does not apply because plaintiff filed a "Motion for Declaratory Judgment" (ECF No. 34, PageID.341; ECF No. 42 at PageID.373) is frivolous. The exhaustion requirement is not limited to

### III.    Dr. Bomber

Doctor Bomber's name appears in the caption of plaintiff's complaint. (ECF No. 1-2, PageID.10).  The complaint contains no specific factual allegations against Dr. Bomber.  A complaint that merely names a defendant in the caption without alleging specific conduct by that defendant is subject to summary dismissal as frivolous.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at *6 (W.D. Mich. Sept. 28, 2010) (collecting cases).

### **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for clarification (ECF No. 35) be granted in part and denied in part.  I recommend that the motion be granted only to the extent that any claim that plaintiff may have been attempting to assert under 42 U.S.C. § 1983 be deemed abandoned.  I recommend that plaintiff's motion for clarification be denied in all other respects.  I recommend that plaintiff's motion for a judgment on the pleadings (ECF No. 34) be denied, that defendants' motion for a judgment on the pleadings (ECF No. 30) be granted, and that judgment be entered dismissing all plaintiff's claims against defendants

---

claims brought under section 1983.  The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).

with prejudice.


Dated:   January 10, 2018          /s/  Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).