UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KIM MOSS,

       Plaintiff,

v.

JEFFREY BOMBER, *et al.*,

       Defendants.
_____/

CASE NO. 1:16-CV-870

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 46), Plaintiff's Objection and Reply (ECF Nos. 50, 53), and Defendants' Response to Objection (ECF No. 52). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; Plaintiff's objections and reply; and Defendants' response. The Court finds the Magistrate Judge's Report and Recommendation factually sound and legally correct to the extent the Report and Recommendation addresses Plaintiff's federal claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff's original state court complaint alleges, among other things, that Defendant Corizon, Health, Inc. violated his rights under the Eighth Amendment by failing to follow recommendations that ear, nose, and throat specialists made. (ECF No. 1-2, PageID.14-15.) All of his other potential claims arise under state law contract, malpractice, or tort theories. In his briefing, Plaintiff makes it clear that he is not pursuing a constitutional claim (ECF No. 53, PageID.467), even though his original state court complaint raises the Eighth Amendment. Moreover, if Plaintiff were pursuing a constitutional claim, it would fail on the merits, because Plaintiff acknowledges that his claim concerns a medical disagreement only, which does not amount to a constitutional violation. *See, e.g., Owens v. Hutchison*, 70 F. App'x 159, 161 (6th Cir. 2003) ("[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."). For these reasons, and for the reasons discussed in the Report and Recommendation (ECF No. 46), dismissal of Plaintiff's sole federal claim is appropriate here. The Court declines to exercise supplemental jurisdiction over the remaining claims, all of which arise under state law.[1] 28 U.S.C. § 1367(c)(3).

**ACCORDINGLY, IT IS ORDERED**:

---

[1] A potential federal defense of failure to exhaust, standing alone, is not a basis for removal under the well-pleaded complaint rule.

1. The Report and Recommendation (ECF No. 46) is approved and adopted as the opinion of the Court to the extent consistent with this Order.

2. Plaintiff's federal claim is **DISMISSED** with prejudice.

3. Plaintiff's Motion for Clarification (ECF No. 35) is **GRANTED** to the extent consistent with this Order and is **DISMISSED AS MOOT** in all other respects.

4. Defendants' Motion for Judgment on the Pleadings (ECF No. 30) is **GRANTED** as to Plaintiff's federal claim and is **DISMISSED** without prejudice in all other respects.

5. Plaintiff's Motion for Judgment on the Pleadings (ECF No. 34) is **DISMISSED** without prejudice.

6. All remaining claims are **REMANDED** to the Circuit Court for Ingham County, Michigan.

7. For the same reasons that the Court dismisses the federal claim, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Dated:  March 13, 2018            /s/ Robert J. Jonker
　　　　　　　　　　　　　　　　ROBERT J. JONKER
　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE